SANDLIN *v.* THE HAMILTON AUTO SALES CO.

(Decided May 23, 1934.)

*Mr. Mark T. Brown* and *Mr. Harry S. Wonnell,* for plaintiff in error.

*Messrs. Williams, Sohngen, Fitton & Pierce,* for defendant in error.

Ross, J.   This is a proceeding in error from the Court of Common Pleas of Butler county, wherein judgment was rendered for the defendant, The Hamilton Auto Sales Company, upon an instructed verdict.

The petition charged that the defendant in error, an automobile dealer, through the negligence of its employee, injured the plaintiff in error, by so operating an automobile that the same was caused to overturn while it was being driven by such employee in a demonstration to plaintiff in error, who was a passenger therein.

It is also charged that the defendant in error knew, or with the exercise of reasonable and ordinary care should have known, that one of the front wheels upon such automobile was defective, and by reason of such defect while being negligently operated by an employee of and for the benefit of defendant in error the wheel collapsed, which caused the automobile to overturn and injure plaintiff in error.

The evidence developed that John Shafor was an employee of the defendant in error, being a salesman whose duties were confined to the sale of used automobiles, which the defendant in error kept in a vacant lot, conveniently located and equipped for the exhibition and sale of such used automobiles.  Shafor was one of two such salesmen and was subordinate to his fellow employee.

The plaintiff in error was the sister of the wife of Shafor, and signified to Shafor her interest in purchasing the particular used automobile in question, requesting that he bring the same to her residence for a demonstration.  Shafor took the automobile from the sales lot to the hotel where he was living, and where he was met by his wife, who joined him in the automo-

bile, and, after she had driven it for a short time in order to become familiar with its operation, she took it at Shafor's request to the home of her sister, the plaintiff in error, for the purpose of demonstrating it to her.

While the wife of Shafor was driving the automobile in such demonstration, and the plaintiff in error was riding as a passenger therein, one of the front wheels collapsed, causing the automobile to overturn and injure plaintiff in error.

The wife of Shafor testified that while driving the automobile to the home of her sister the automobile "pulled to the left", and that this happened again just before the collapse of the wheel. She said she was driving at a speed of 35 to 40 miles an hour at the time of the accident. She also testified that the steering wheel came off in her hands when the automobile overturned.

The court instructed a verdict for the sales company at the close of all the evidence of plaintiff and defendant.

Section 81 of the Restatement of the Law of Agency, page 193, is as follows:

"Unless otherwise agreed, a servant is not authorized to permit or employ another to perform acts of service which he is employed to perform."

In *Comment b* of this section, at page 195, it is stated:

"If a servant is authorized to substitute another servant of the principal, such substituted servant has power to subject the principal to liability as would any other of the principal's servants. On the other hand, if the servant is not authorized to substitute another for himself, the principal is not subject to liability to third persons for the conduct of such person, unless the agent has been negligent in entrusting an instrumentality of the principal to such person or if, sur-

rendering its immediate control to the other, he retains supervision over him and is negligent in his supervision."

Section 241 of the Restatement, page 542, is as follows:

"A master who has entrusted a servant with an instrumentality is subject to liability for harm caused by its negligent management by one to whom the servant entrusts its custody to serve the purposes of the master, if the servant should realize that there is an undue risk that such person will harm others by its management."

*Comment c,* under this section, page 543, reads:

"Under the rule stated in this Section, in the absence of authority in the servant to delegate to another control over the instrumentality, the master is liable only if the servant, at the time he surrenders custody, has reason to believe that the change of custody is likely to result in harm to others. Such likelihood may exist because of the known incompetence or recklessness of the person to whom custody is given or, in the case of an instrumentality likely to do harm if not carefully managed, because the servant does not know of the qualities of such person."

There is no evidence that Shafor had reason to believe that the change of custody would be likely to result in harm to others. The only evidence which it could be claimed remotely touched this point was that Shafor drove with his wife some little time while she became familiar with the operation of the automobile, and that he was permitted to testify that he considered himself to blame for the accident and had agreed to pay his employer the difference between the ordinary used car sale value of the automobile and its junk value. The wife testified in the evidence introduced by the plaintiff that she had driven all makes of cars except a Model "T" Ford. There is no evidence to

show that her husband did not consider her a skilled driver and thoroughly competent to manage the automobile. There is also no evidence to show that he knew or should have known of any defect in the automobile, or that his employer should have known of such defect.

The general rule heretofore stated, that a master is not liable for the negligence of one selected by the servant without authority from the master, is also set out in 18 Ruling Case Law, 785, Section 245; 26 Ohio Jurisprudence, 627, Section 606; 39 Corpus Juris, 1272, Section 1459.

There being no evidence that there was any direct or implied authority in Shafor to secure assistance in his duties, or that he was negligent in transferring custody of this automobile to his wife, the action of the trial court in instructing a verdict for defendant in error was proper. There appears, therefore, no error in the record prejudicial to the plaintiff in error, and the judgment is affirmed.

*Judgment affirmed.*

WILLIAMS, J., of the Sixth Appellate District, sitting by designation, concurs.

HAMILTON, P. J., dissenting. I cannot concur in the judgment affirming the action of the trial court in directing a verdict in favor of the defendant.

One of the charges of negligence in the petition is that the defendant, through its agent and servants, represented to the plaintiff, a prospective purchaser, that the automobile in question was in good repair, strongly built, and capable of being operated with safety upon the public highways; that the defendant, through its agent and servants, undertook to demonstrate the qualities of said automobile. The petition charges that said automobile in which the plaintiff was

riding was old, worn and defective; that the left front wheel collapsed and broke down, and that the wheel was made of wooden spokes which were old, weak, and rotted, and which crumbled and broke into fragments; that said defendant knew, or by the exercise of ordinary care should have known, of the defective condition of said automobile; and that the defendant knew, or should have known by the exercise of ordinary care, that it was dangerous to operate said automobile; that the defendant carelessly and negligently allowed same to be driven and demonstrated to the plaintiff as a prospective purchaser thereof.

Then follow several allegations as to the defective condition of the wheel, lack of inspection, and the sending of the automobile out without exercising ordinary care to discover the defective condition of the wheel.

The trial court granted the motion of the defendant for an instructed verdict, on the ground that the person driving the automobile while plaintiff was riding was not the agent. This may be conceded, but it does not affect the case, for the reason that no negligence is shown in the operation of the automobile in the demonstration on the part of the driver, whether she be the agent of the defendant or otherwise. The negligent act lay in defendant's sending out the automobile for demonstration purposes, knowing the purpose for which it was to be used, and knowing that a rotten, defective wheel would cause damage.

The rule as to defective parts has been often stated with reference to manufacturers, to the effect that the manufacturers are liable for injuries resulting from defectively manufactured parts.

We have here an owner of the automobile. While it is true it was a used automobile, the defendant was the owner. The automobile was sent out with authority. If the automobile was sent out by the owner, knowing the purpose for which it was to be used, and

the weak, defective, and rotten wheel was dangerous to life and limb, I see no reason why defendant should not be held for resulting injuries.

Another question may be raised in the case, and that is that the plaintiff failed to show a patent defect, or a defect ascertainable upon inspection. The plaintiff gave testimony to the effect that the wheel, as shown by the breaking of the spokes, was in a rotted condition. One of the witnesses testified that the spokes were broken square off, as if affected by dry rot. This character of proof has always been held sufficient in a manufacturer's case to take the case to the jury.

I believe the law is that a seller of second-hand cars owes a duty to use due care for the safety of a prospective purchaser, and this requires careful inspection to see that the automobile is reasonably safe for the purpose for which it is intended.

The case presents a mixed question of law and fact, and should have gone to the jury under proper instructions.